STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ROBERT DAVID REES (CABN 229441)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7356
   FAX: (415) 436-7234
   robert.rees@usdoj.gov

Attorneys for United States of America

**FILED**

Oct 26 2021

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 19-325 CRB |
| Plaintiff, | |
| v. | [~~PROPOSED~~] DETENTION ORDER |
| FRANKLIN EFIJEMUEH, | |
| Defendant. | |

      On July 18, 2019, the defendant, Franklin Efijemuh, was charged by Indictment with three counts of wire fraud, in violation of Title 18, United States Code, Section 1343.  The defendant was arrested and made his initial appearance in Atlanta in the Northern District of Georgia whereupon he was released on conditions that included location monitoring.  *See* Dkt. 5.  He removed that equipment and subsequently left the United States and spent time in Nigeria.  He voluntarily returned to San Francisco on or about October 5, 2021 and was arrested and made an initial appearance before the Honorable Judge Thomas S. Hixson on October 6, 2021.  *See* Dkt. 8.

      This matter came before the Court on October 13, 2021, for a detention hearing, which was held via videoconference with the consent of the defendant.  All parties appeared remotely at the detention hearing.  The defendant was represented by Christopher Morales.  Assistant United States Attorney

Robert David Rees appeared for the government. The government moved for detention, and the defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the person as required. Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). As noted on the record, the Court makes the following findings as the bases for its conclusion: (1) the defendant has a history of noncompliance with court orders to appear in this case, as he previously removed his location tracking equipment and fled the jurisdiction of the United States; (2) the defendant has strong ties to the country of Nigeria, where he spent time as a fugitive, with many relatives there and, according to Pretrial Services, financial assets there as well; (3) the defendant has no ties to this district; and (4) his only release plan involved him moving to Las Vegas, Nevada, outside of this district.

Given the nature of the offense, the weight of the evidence against the defendant, the defendant's history and characteristics, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required. This finding is made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government,

the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

    IT IS SO ORDERED.

DATED:  October 26, 2021

                                                   HONORABLE THOMAS S. HIXSON
                                                   United States Magistrate Judge